*1087 TEXTO COMPLETO DE LA SENTENCIA
El Procurador General solicita que revoquemos la resolución emitida por el Tribunal de Primera Instancia, Sala de Carolina, mediante la cual ordenó el archivo de una denuncia contra el recurrido bajo la Regla 247(b) de Procedimiento Criminal.
Atendido el recurso y luego de requerirle al recurrido que presentara su posición, lo cual no fue cumplido, se expide el auto de certiorari y se revoca el dictamen emitido. Veamos.
I
El Ministerio Público presentó denuncia contra el recurrido por violación al artículo 3.1 de la Ley Núm. 54 de 15 de agosto de 1989, conocida como Ley de Violencia Doméstica. En la denuncia indicaba que el recurrido agredió a la víctima en diferentes partes del cuerpo causándole un hematoma en el área del muslo izquierdo. También señalaba que esto formaba parte de un patrón de conducta constante de maltrato físico del recurrido.
Luego de encontrada causa para arresto, se señaló la celebración de la vista preliminar. En la vista preliminar, la víctima declaró que recibió dos bofetadas en el rostro, un puño en el estómago y otro puño en la cadera. Declaró, no obstante, que no tenía interés de proseguir con los cargos, que continuaba viviendo con el recurrido y que fue presionada a presentar los cargos.
El Ministerio Público, por su parte, indicó su interés de proseguir con los cargos y además señaló que, tanto el recurrido como la víctima eran miembros de la Policía de Puerto Rico, por lo cual, era apremiante el interés del Estado de continuar con los cargos a los fines de cumplir la política pública de la ley. Aún así y sin ningún otro criterio, el tribunal archivó la denuncia al amparo de la Regla 247(b) de Procedimiento Criminal, en beneficio del matrimonio y los hijos.
Inconforme con dicha determinación, el Procurador General acude ante nos alegando que el tribunal de instancia incurrió en abuso de discreción al desestimar la denuncia.
II
Expongamos el derecho aplicable a la controversia ante nos.
A
La Regla 247 de Procedimiento Criminal establece las instancias en las que se puede sobreseer o archivar una denuncia o acusación. En particular, el inciso (b) reconoce la facultad del tribunal de sobreseer una denuncia o acusación motu proprio, cuando sea conveniente para los fines de la justicia, previa celebración de vista en la cual participará el fiscal, y deberá exponerse las causas para ello. 32 L.P.R.A. Ap. II.
Ha señalado nuestro más alto foro que la discreción de un tribunal de archivar una denuncia o acusación motu proprio, es amplia, pero de ningún modo puede ser absoluta o ilimitada. Entre los factores que se deben tomar en consideración, se encuentran: (1) la evidencia con la que cuenta el Ministerio Público para establecer su caso; 2) naturaleza del delito; (3) si el acusado está encarcelado o ha sido convicto en un caso relacionado o similar; 4) tiempo que el acusado lleva encarcelado; (5) posibilidad de amenaza u hostigamiento; (6) probabilidad de que en el juicio pueda traerse nueva o evidencia adicional; y (7) si sirve a los mejores intereses de la sociedad proseguir con los procedimientos. Pueblo v. Castellón Calderón, opinión de 12 de mayo de 2000, 2000 J.T.S. 84, pág. 1116.
Es preciso, además, examinar la naturaleza de la acusación, incluyendo el tipo de actividad delictiva en *1088 cuestión, su seriedad, la frecuencia con que se archivan casos del mismo tipo y el impacto del sobreseimiento sobre la administración de la justicia y los derechos del acusado. Los elementos enumerados no tienen todos que concurrir y el tribunal puede tomar en cuenta otros factores. Además, tanto la defensa como el Ministerio Público, deben tener derecho a expresarse sobre la corrección o conveniencia de decretar un sobreseimiento. Id.
B
La facultad y responsabilidad de investigar los hechos delictivos y la decisión de a qué persona acusar y procesar criminalmente y por qué delito, recae en el Secretario del Departamento de Justicia y los fiscales bajo su supervisión, poseyendo los mencionados funcionarios amplia discreción en el descargo de sus funciones. Pueblo v. Dávila Delgado, opinión de 20 de mayo de 1997, 97 J.T.S. 68, pág. 1007; Pueblo v. Castellón Calderón, supra, pág. 1117.
Aun cuando las víctimas o testigos de los hechos delictivos juegan un papel extraordinariamente importante en el procesamiento de personas acusadas de un delito, las víctimas del delito no son "parte" para efectos del proceso criminal, careciendo estas, en consecuencia, de los derechos que, de ordinario, tienen las partes en un procedimiento judicial. Pueblo v. Dávila Delgado, supra, pág. 1006; Pueblo v. Castellón Calderón, supra, pág.
La víctima o testigo de un delito no tiene el poder de vetar la actuación o el curso de acción que el fiscal entienda procedente seguir en el caso. Esto es así porque los delitos, en general, son ofensas cometidas contra la sociedad y no contra un individuo en particular. Aunque con la comisión de delitos se lesionan intereses particulares privados, también se afectan fundamentales postulados sociales y comunitarios. Pueblo v. Ramírez Valentín, 109 D.P.R. 13, 17 (1979); Pueblo v. Castellón Calderón, supra, pág. 1118.
C
En Puerto Rico existe una clara política pública contra la violencia doméstica. Nuestro ordenamiento jurídico repudia enérgicamente la violencia doméstica por ser contraria a los valores de paz, dignidad y respeto que este pueblo quiere mantener para los individuos, las familias y la comunidad en general. Ley Núm. 54, supra, 8 L.P.R.A. sec. 601; Pueblo v. Castellón Calderon, supra, pág. 1118.
La expresión de "falta de interés en el caso", por parte de la víctima de un delito, es muy común, y más aún en los casos de violencia doméstica. En ocasiones, constituye el resultado de amenazas, hostigamiento, temor u otros factores ajenos a los méritos del caso. Pueblo v. Castellón Calderón, supra, pág. 1118.
Constituye un abuso de discreción archivar una denuncia tomando en cuenta exclusivamente que la víctima no tiene interés en proseguir con el caso. Podrá el tribunal considerar también si la falta de interés de la víctima responde a un plan auténtico para establecer una buena convivencia familiar, así por ejemplo, si la víctima y el acusado demuestran que están recibiendo ayuda profesional conducente a modificar la conducta del agresor. Pueblo v. Castellón Calderón, supra, pág. 1119.
111
Analizado el recurso ante nos a la luz de los hechos expuestos, procede la revocación de la determinación emitida por el tribunal de instancia.
No hay evidencia que indique que el archivo de la denuncia se realizó para promover los fines de la justicia. El tribunal archivó la denuncia debido a que la víctima no tenía interés en proseguir con el caso. Al hacerlo, abusó de su discreción, pues no es prerrogativa de la víctima continuar o no con el caso. Esta decisión la debe tomar el tribunal, luego de habérsele dado oportunidad al Ministerio Público de exponer su posición al efecto, bajo los criterios antes discutidos, según la jurisprudencia lo requiere.
El tribunal omitió considerar los factores pertinentes establecidos en nuestro ordenamiento legal antes de *1089 proceder a archivar la denuncia. Aun cuando uno de los factores que debe considerar, es el deseo de la víctima de proseguir con el caso, este no es el único factor importante, ni es factor decisivo, sino que es uno de muchos otros, entre ellos: la evidencia que posee el Ministerio Publico para probar, en este caso, el cargo imputado, si había historial delictivo previo; posibilidad de repetirse el acto; si las partes recibieron ayuda profesional para su problema; y si se servían los mejores intereses de la justicia.
Ninguno de estos factores surgen del dictamen del foro recurrido, limitándose el mismo a que se ordenaba el archivo a los mejores fines de la justicia. Por lo tanto, incidió el tribunal de instancia, como cuestión de derecho, al archivar el cargo sin darse las condiciones legales correspondientes.
IV
Por los anteriores fundamentos, se expide el recurso de certiorari solicitado, se revoca la resolución emitida por el Tribunal de Primera Instancia ordenando el archivo y sobreseimiento de la denuncia bajo la Regla 247(b) de Procedimiento Criminal.
Se le ordena al tribunal de instancia que celebre una vista en la cual proceda a considerar los factores expresados en Pueblo v. Castellón Calderón, supra, para disponer si procede el archivo de la denuncia, como cuestión de derecho.
Lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General